BORINQUEN TRADING CORPORATION, PETITIONER, *v.* DISTRICT COURT OF SAN JUAN, RESPONDENT.

PETITION for a Writ of Certiorari to the Second District Court of San Juan, Hon. M. Rodríguez Serra, Judge.

No. 409.—Decided July 12, 1923.

INTERVENTION — APPEAL — TRANSCRIPT — EVIDENCE. — The action of intervention being a separate action which requires judicial inquiry independently and apart from the main action, evidence examined in the latter and sought to be taken into consideration in the action of intervention must be repeated at its trial; therefore, evidence introduced in the principal action, but not in the action of intervention, can not be included in a transcript prepared for the perfection of an appeal from a judgment sustaining the complaint in intervention.

The facts are stated in the opinion.

*Mr. F. Soto Gras* for the petitioner.

*Mr. M. Benítez Flores* for the adverse party.

Mr. Justice Franco Soto delivered the opinion of the court.

In an action of debt brought by the Borinquen Trading Corporation against the unknown heirs of Octavio García Salgado and others a "Cole" automobile was attached to secure the effectiveness of the judgment and because of this attachment an action of intervention was brought by Manuel Benítez Flores claiming to be the owner of the attached automobile.

Both cases were tried on the same day and at the same session of the court, evidence being first examined in the action of debt and then in the action of intervention. The trial court rendered judgment sustaining both complaints and from the judgment in the action of intervention an appeal was taken. In the preparation of that appeal the defendant-appellant, the Borinquen Trading Corporation, adopted the course of having a transcript of the evidence made by the stenographer and after it had been approved by the court moved to include in it certain documents that were offered in evidence in the principal action, alleging that whereas the action of debt and the action of intervention were not two distinct actions and that there were not two different trials, the latter being accessory or incidental to the former, it considered the said documents as offered and admitted in both cases.

The motion was overruled and the trial court said:

"As it does not appear from the transcript of the evidence that these documents were offered and admitted at the trial of the action of intervention and the undersigned judge does not remember whether they were or not, although he is sure that they formed a part of the evidence in the action of debt and served as a basis for the judgment, and as it also appears from the opinion of this court that the evidence in the action of intervention was examined on the same day and after the trial of the main action, which is in contradiction with the allegation of the party seeking the amendment that the trials were held simultaneously and the evi-

dence was examined at the same time, the court is of the opinion that the amendment is not justified and, therefore, overrules the motion."

A petition in certiorari was presented in this court for a review of the said order, praying this court to authorize the amendment or correction of the transcript of the evidence in the manner moved for by the petitioner.

In support of the petition it is alleged that in the action of intervention the said documents were considered, weighed and discussed.

The apparent confusion in this case seems to originate from the relation that the petitioner attempts to establish between the main action and the incident of intervention. This incident was not an intervention by a third person in the subject matter of the principal action for the purpose of protecting his rights under section 72 of the Code of Civil Procedure, but introduced a new, separate and independent issue. Therefore, the intervenor did not intervene in the action of debt for the protection of his rights, but brought a separate action under the Act to provide for the trial of the right to real and personal property, etc., as amended on March 12, 1908.

This statute provides for a separate proceeding to try the right of a third person to property attached or levied on and tacitly excludes the right to intervention in the main action. The reason for the law is that inasmuch as the intervenor had no interest in the merits of the principal action, or that in it his rights could not be affected, there was no reason why he should be considered a party thereto, and he could bring an independent action for that purpose, as expressly authorized by the statute.

"While there is considerable authority for the view that where attachment is auxiliary to the principal action, a claimant of attached property, having no interest in the action or whose rights will be unaffected by its determination, is not entitled to become

a party to it or to intervene therein for the purpose of asserting his title, but must resort to the common-law remedies or the statutory substitutes therefor, the more general tendency of the law is to afford the claimant a more prompt redress for the invasion of his rights by allowing him to interplead, or to intervene in the action in which the attachment was sued out, or to resort to proceedings to try and determine the title to the property in dispute;   *   *   *." 6 C. J. 373.

Section 11 of the Act to provide for the trial of the right to real and personal property, *supra,* reads as follows:

"As soon as the secretary of the court shall have received the oath and bond, he shall notify all parties to the suit of such fact, who shall be required to appear after ten days' notice, and if after such notice has been perfected, parties appear, the court shall direct an issue to be made in writing and tried as in other cases, and parties to the first suit shall always be parties in the suit to establish the rights of a third party.

"Said issue shall consist of a brief statement of the nature of the right of the claimant by which he seeks to claim as his own and to exclude from the operation of such levy the property in dispute, and of the authority and right of the defendant or defendants in such proceedings to subject the property levied on to the writ." Acts of 1908, page 83.

Therefore, we have a statute providing that the issue in the action of intervention shall be set out in writing and tried as in other cases, and this form is adopted because it is considered as a new action requiring judicial inquiry separate and independent from the main action; therefore, the evidence examined at the trial of the main case and sought to be given effect in the incident of intervention must be reproduced at the trial of the latter. It was so understood by the trial court, which, although it wrote a single opinion for both cases, yet separated therein the discussion of the two cases.

For the foregoing reasons the writ of certiorari must be discharged.

*Writ discharged.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.